CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

June 04, 2026

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA    )
      )
      )    Case No. 2:20CR00011-001
      )
v.      )    **OPINION AND ORDER**
      )
MICHAEL SELVIDGE,    )    JUDGE JAMES P. JONES
      )
      )
Defendant.    )

*Michael Selvidge, Pro Se Defendant.*

The defendant has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons discussed below, his motion will be denied.

## I.

While serving a 72-month prison sentence for possessing a firearm as a felon, Mr. Selvidge participated in a scheme to introduce Suboxone, a controlled substance, into a federal prison. He subsequently pled guilty to possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(1), (d)(1)(C) (Count One); possession with intent to distribute a mixture or substance containing a detectable amount of buprenorphine, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 840(b)(1)(E), 841(a)(1) (Count Two); and conspiracy to

provide a prohibited object to an inmate, in violation of 18 U.S.C. § 371 (Count Seven).

After he entered a guilty plea, I sentenced Mr. Selvidge on August 2, 2022, to 110 months imprisonment on each of Counts One and Two, to run concurrently, and 60 months imprisonment on Count Seven, also to run concurrently.

Mr. Selvidge filed the present motion for compassionate release on May 15, 2026, seeking a reduction of his federal sentence to begin serving a Tennessee state sentence. Mr. Selvidge is 42 years old and presently incarcerated at USP Terre Haute.

II.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Notwithstanding such a finding, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). Such factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)). A defendant seeking compassionate release has the burden of

establishing that relief is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024).

### III.

Mr. Selvidge seeks compassionate release on the grounds that he has completed a gang dropout program and has participated in several rehabilitative programs related to drug treatment, anger management, trauma-focused therapy, and vocational skills. Additionally, Mr. Selvidge states that he has been free of disciplinary infractions for 19 months.

As Mr. Selvidge acknowledges, rehabilitation alone cannot constitute an extraordinary and compelling reason warranting compassionate release. *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024). That said, Mr. Selvidge relies heavily on an out-of-circuit case, *United States v. Beres*, No. 18-58-BLG-SPW-02, 2023 WL 8809320 (D. Mont. Dec. 20, 2023), to argue that the gang dropout program is more than a rehabilitation program. In *Beres*, the court found that the gang dropout program at issue "requires a defendant to provide valuable information to the relevant federal agencies to combat gang activity and could, potentially, endanger the life of a defendant." *Id.* at *2. *But cf. United States v. Avila*, No. 02-CR-464-8, 2024 WL 4027973, at *2 (N.D. Ill. Sept. 3, 2024) ("Rehabilitation programs, like gang dissociation, are not a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A).").

Irrespective of whether participation in a gang dropout program — either alone or in combination with other rehabilitative efforts — constitutes an extraordinary and compelling circumstance, Mr. Selvidge has not presented sufficient information about his own participation in the program or particular risks he has faced as a result. For instance, Mr. Selvidge states that there are "challenges and dangers inherent in prison life after gang disassociation," but fails to elaborate on how he has personally been affected. Def.'s Mot. 7, Dkt. No. 100. *See United States v. Alston-Currie*, No. 1:13-CR-214-1, 2025 WL 2390537, at *7 (M.D.N.C. Aug. 18, 2025) (explaining that, even if participation in a gang dropout program was extraordinary and compelling, the defendant had failed to provide meaningful information about his program or specific risks he faced because of his participation); *United States v. Walter*, No. 4:96-CR-00026-SLG, 2025 WL 1040835, at *4–6 (D. Alaska Apr. 8, 2025) (declining to find that a defendant's participation in a gang dropout program and assistance to BOP officials constituted an extraordinary and compelling circumstance because the defendant failed to show any risks he faced). I commend Mr. Selvidge for his completion of the gang dropout program, but he has not presented sufficient evidence independent of rehabilitative efforts to establish an extraordinary and compelling circumstance.[1]

---

[1]    Although Mr. Selvidge states that he recently underwent knee replacement surgery, he does not allege that he is receiving inadequate medical care.

Further, even if Mr. Selvidge established an extraordinary and compelling circumstance, I am still required to conduct an individualized application of the relevant § 3553(a) sentencing factors before determining whether relief is warranted. *Kibble*, 992 F.3d at 331. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *High*, 997 F.3d at 186 (citing § 3553(a)).

Mr. Selvidge has a long criminal history dating back to his youth. Additionally, while awaiting sentencing for the charges underlying the present case, Mr. Selvidge physically assaulted a corrections officer, for which he later pleaded guilty and received a 41-month consecutive sentence. *United States v. Selvidge*, No. 1:22CR00015, Dkt. No. 18 (W.D. Va. Aug. 5, 2022). Moreover, Mr. Selvidge's current sentence resulted from both parties agreeing that a period of 90 to 110 months was an appropriate period of incarceration for the offenses underlying this motion. Def.'s Sent'g Mem. 1, Dkt. No. 96. I find that the § 3553(a) sentencing factors weigh against Mr. Selvidge's release.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion for Compassionate Release, Dkt. No. 100, is DENIED.

ENTER:   June 4, 2026

/s/  JAMES P. JONES
Senior United States District Judge